# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **LOIS SAYER,** } | |
| } | |
|     **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 7:05-CV-1423-RDP** |
| } | |
| **LINCOLN NATIONAL LIFE** } | |
| **INSURANCE COMPANY,** } | |
| } | |
|     **Defendant.** } | |

## MEMORANDUM OPINION

**I.  Introduction**

The court has before it Plaintiff's Motion for Reassignment and/or Consolidation (Doc. #38) filed on May 22, 2006, and Plaintiff's Motion for Leave to Amend (Doc. #40) filed on May 30, 2006. The parties have fully briefed both motions, and they are under submission pursuant to Exhibit B. As discussed in greater detail below, Plaintiff's Motion for Reassignment and/or Consolidation is due to be denied, and Plaintiff's Motion to Amend is due to be granted.

**II.  Plaintiff's Motion for Reassignment and/or Consolidation**

Plaintiff's Motion for Reassignment and/or Consolidation requests that this court consolidate the lawsuit of *Michael Glover v. Compass Bank, et al.* (7:05-CV-01905-SLB) ("*Glover*") with this action filed by Lois Sayer ("*Sayer*").[1] Rule 42 of the Federal Rules of Civil Procedure governs Plaintiff's Motion for Reassignment and/or Consolidation, and provides in part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the

---

[1] On May 19, 2006, Plaintiff's counsel filed a similar motion in the *Glover* litigation that was denied without prejudice by Judge Blackburn because the *Sayer* action was the first filed case.

actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42 (a). Regarding a request to consolidate cases under Rule 42, the Eleventh Circuit has stated:

> A trial court may consolidate cases when actions involving a common question of law or fact are pending before the court. Fed.R.Civ.P. 42 . "The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) (citation omitted).

*Hargett v. Valley Federal Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) (footnote omitted). In *Miller*, the pre-*Bonner* Fifth Circuit explained the purpose behind (and discretionary nature of) Rule 42(a):

> Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. *See In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977) (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)). A motion to consolidate is not required; the court may invoke Rule 42(a) *sua sponte*. *See Gentry*, 487 F.2d at 581.

729 F.2d at 1036.

Against this backdrop, the court, in its discretion, declines to consolidate the *Glover* lawsuit with this action. Pivotal to its decision on consolidation is the lack of any identical parties in the two lawsuits. The *Sayer* case involves Defendant Lincoln National Life Insurance Company only while the *Glover* action involves three other named defendants–Compass Bank, Inc., Compass Bancshares Insurance, Inc., and John Hancock Life Insurance Company, all of which oppose the efforts to consolidate. Also, as noted above, the cases were filed by different plaintiffs.

Therefore, as the cases do not involve the same parties, they will necessarily involve differing facts, unique document issues, varying decisionmakers, and different fact witnesses. Although both

cases involve fixed annuity products, there is nothing to suggest any further commonalty between the claims in the two actions. Moreover, both cases have been brought as class actions and will require the court to conduct separate Rule 23 assessments of the claims in each action. Therefore, while some of the legal issues may overlap, the lack of any identical parties and the other dissimilarities listed above outweigh any benefit to be gained from consolidation. Moreover, in this instance, a consolidation would not "expedite trial [or] eliminate unnecessary repetition and confusion." Accordingly, the cases are unsuitable for consolidation, and the court will deny Plaintiff's Motion for Reassignment and/or Consolidation.

### III.     Plaintiff's Motion for Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings, and states in part:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a).

As explained by the Eleventh Circuit in *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999):

> Leave to amend should be liberally granted when necessary in the interest of justice. Fed. R. Civ. P. 15(a). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The U.S. Supreme Court has held that undue delay and futility are adequate bases for denying

leave to amend. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962). Grant of leave to amend is within the trial court's discretion and denial is reviewed for abuse of discretion. *Smith v. Duff and Phelps, Inc.*, 5 F.3d 488, 493 (11th Cir. 1993).

Plaintiff's Motion for Leave to Amend does not seek to add more claims or parties to the case. Rather, the proposed amendment clarifies the claims sought based upon the discovery conducted by the parties.

In terms of timing, while the deadline for Plaintiff to amend under the Scheduling Order was May 1, 2006, Plaintiff's Motion for Leave to Amend was filed within thirty (30) days of this deadline which, in the court's view, does not amount to "undue delay, bad faith or dilatory motive[.]" Moreover, this is only the second time that Plaintiff has sought to amend. Furthermore, Plaintiff has sufficiently demonstrated good cause for allowing the amended pleading and Defendant has not articulated a substantial basis for disallowing the amendment. Therefore, the court will grant Plaintiff's Motion for Leave to Amend.

### IV.     Conclusion

For the reasons explained above, Plaintiff's Motion for Reassignment and/or Consolidation is due to be denied, and Plaintiff's Motion for Leave to Amend is due to be granted. The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this     13th     day of June, 2006.

                                                       **R. DAVID PROCTOR**
                                                     UNITED STATES DISTRICT JUDGE